**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 27, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GEORGE LIVINGSTON,

    Defendant - Appellant.

No. 12-6112
(D.C. Nos. 5:11-CV-01382-D and
5:08-CR-00107-D-1)
(W. D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.
_____

Defendant-Appellant George Allen Livingston, proceeding pro se, filed a motion in the district court under 28 U.S.C. § 2255 asserting ineffective assistance of counsel, a motion that the district court denied. Mr. Livingston timely sought to appeal the denial. Finding that Mr. Livingston had failed to make the requisite showing under 28 U.S.C. § 2253(c)(2), the district court denied Mr. Livingston a certificate of appealability ("COA"). The district court also denied Mr. Livingston's motion for leave to appeal in forma pauperis, certifying that the appeal was not taken in good faith. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a).

---

   * This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I.     BACKGROUND

The factual background of this case is recited in prior orders of this court, see United States v. Livingston, 586 F.3d 819, 820-22 (10th Cir. 2009); United States v. Livingston, 429 F. App'x 751, 752-53 (10th Cir. 2011), and is only summarized here. Mr. Livingston was convicted of two separate charges of possessing counterfeit notes (Counts 1 and 2), and one charge of being a felon in possession of a firearm (Count 3). Police had seized, without a warrant, the key evidence relating to Counts 2 and 3—counterfeit notes and gun—from a closet in the inner room of a two-room motel suite where Mr. Livingston was staying on January 11, 2008. The officers had been admitted to the outer room of the suite by a Mr. Angel Rivera, an acquaintance of Mr. Livingston's who was staying overnight in the room. Prior to trial Mr. Livingston had moved to suppress the gun and the counterfeit notes on Fourth Amendment grounds. The district court denied Mr. Livingston's motion to suppress and, after a bench trial, found him guilty. On appeal, this Court upheld the denial of the motion to suppress. See Livingston, 429 F. App'x 751.

Mr. Livingston's § 2255 motion raised one issue: whether his trial counsel had failed to provide effective representation by failing to conduct a proper investigation and failing to call Mr. Rivera to testify at the suppression hearing. The district court, applying Strickland v. Washington's two-part test for ineffective assistance of counsel, see 466 U.S. 668, 687 (1984), concluded that counsel had not been ineffective, because even if Mr. Rivera had been called and had testified as Mr. Livingston asserted he would,

2

it would not have altered the outcome of the suppression hearing.  It is this ruling that Mr. Livingston seeks to appeal.[1]

## II.    DISCUSSION

Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  The applicant makes a "substantial showing" when he demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were adequate do deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  Where, as here, the district court has rejected the habeas petitioner's constitutional claims on the merits, this means that the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  We conclude that reasonable jurists would not so find, and accordingly DENY Mr. Livingston's motion for a COA.

To prove ineffective assistance of counsel, the defendant must show, first, that counsel's performance was in fact deficient—that is, that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

---

[1]    The district court denied Mr. Livingston's motion to appeal in forma pauperis, certifying that the appeal was not taken in good faith.  See 28 U.S.C. § 1915(a)(3).  The district court's finding in this regard is "not conclusive, although it is, of course entitled to weight."  Coppedge v. United States, 369 U.S. 438, 446 (1962).  "[A] defendant's good faith in this type of case is demonstrated when he seeks appellate review of any issue not frivolous."  Id. at 445.  We conclude that Mr. Livingston's appeal implicates a nonfrivolous issue, and accordingly GRANT his motion to appeal in forma pauperis.

Amendment." Strickland, 466 U.S. at 687. Second, "the defendant must show that the deficient performance prejudiced the defense." Id. "We may address the performance and prejudice components in any order, but need not address both if [the defendant] fails to make a sufficient showing of one." Fields v. Gibson, 277 F.3d 1203, 1216 (10th Cir. 2002).

We agree with the district court that even if Mr. Livingston's trial counsel's failure to call Mr. Rivera as a witness at the suppression hearing constituted deficient performance, Mr. Livingston has not shown that the deficiency prejudiced his defense. The district court found that Mr. Rivera had apparent authority to consent to the officers' entry, based on undisputed officer testimony that Mr. Rivera was present in the darkened outer room of the suite at 3:00 a.m.; that he appeared to have been sleeping just prior to opening the door; that he was there with a companion; that he told the officer that he had been staying there for two nights; that he admitted the officers without asking anyone for permission; and that the door between the front room of the suite and the back room where Mr. Livingston was found was slightly ajar. In his § 2255 motion and related briefing, Mr. Livingston claimed only that Mr. Rivera, if called, would have testified that he had stayed there only one night, not two.

This argument fails for at least two reasons. First, Mr. Livingston's argument is merely speculative, both as to how Mr. Rivera would have testified, and as to how it might have affected the outcome of the suppression hearing. Although we ask a defendant to show only a "reasonable probability" of a different outcome, "mere speculation is not sufficient to satisfy this burden." Byrd v. Workman, 645 F.3d 1159,

4

1169 (10th Cir. 2011). Second, even if Mr. Rivera had so testified, thus creating a dispute as to how many nights Mr. Rivera stayed in the room, it would not have altered the factual landscape in any material way. The other undisputed facts in the record supported the district court's conclusion that Mr. Rivera had apparent authority to permit the officers to enter the motel suite. See United States v. Kimoana, 383 F.3d 1215, 1222 (10th Cir. 2004) (finding apparent authority where the totality of the circumstances gave officers a "'reasonable belief that [the third party] had mutual use of the motel room and that Defendant assumed the risk that [the third party] would permit the officers to enter the motel room'") (quoting United States v. Gutierrez-Hermosillo, 142 F.3d 1225, 1231 (10th Cir. 1998)).

### III.    CONCLUSION

We GRANT Mr. Livingston's request for leave to proceed in forma pauperis, but we DENY his request for a COA. Accordingly, we DISMISS this appeal.

Entered for the Court

DAVID M. EBEL,
Circuit Judge

5